## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SHENZHEN YIHONG TECH CO., LTD,                    Case No. 0:25-cv-60629

Plaintiff,

v.

NNOVATIVE CLOSET ACCESSORIES LLC,

Defendants.

_____ /

## COMPLAINT

Plaintiff Shenzhen YihongTech Co., Ltd. ("**Plaintiff**"), by and through its undersigned counsel, for its Complaint against Defendant Nnovative Closet Accessories LLC ("**Defendant**"), alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this civil action seeking a declaratory judgment of invalidity and non-infringement of Defendant's U.S. Patent No. 10,273,075 (the "**'075 Patent**").

2.      Plaintiff makes storage devices, including those for headwear, which Plaintiff sells through Amazon.com ("**Amazon**").

3.      On or about March 21, 2025, Plaintiff received a message through Amazon's internal system from Defendant falsely asserting that Plaintiff's products infringe Defendant's valid and enforceable rights in the '075 Patent and threatening to make some type of patent infringement allegation to Amazon.

4.      Plaintiff later learned that Defendant did, in fact, submit some type of patent infringement allegation to Amazon.

5.      To remove the cloud of false accusations and uncertainty that Defendant has cast

1

over Plaintiff's products and relationships (including Plaintiff's relationship with Amazon), Plaintiff brings this action seeking a declaration resolving the concrete and immediate controversy between the parties over the: (a) validity and (b) alleged infringement of the '075 Patent.

### THE PARTIES, JURISDICTION, AND VENUE

6.      Plaintiff is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at Shenzhen, China.

7.      On information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 2952 SW 30th Ave., Hallandale, Florida, 33009, United States.

8.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 100 et seq.

9.      This Court has subject matter jurisdiction over the claims pursuant to at least 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

10.     This Court has personal jurisdiction over Defendant at least because, on information and belief, Defendant is a Florida limited liability company with its principal place of business within this District. Moreover, on information and belief, the underlying acts by Defendant that give rise to Plaintiff's claims (*e.g.*, sending the cease and desist communications to Plaintiff and submitting a patent infringement complaint to Amazon) occurred in this District.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant resides in this District, and a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

**A.    Defendant Accuses Plaintiff of Patent Infringement**

12.    Plaintiff is engaged in the design, manufacture, and sale of storage devices, including products intended for use in storing headwear, among other applications. Plaintiff sells these hat storage products under its VTOPMART® brand.

13.    An example of one of Plaintiff's hat organizer products (which is the subject of Defendant's patent infringement allegations) is shown below:



(the "***Accused Products***").

14.    On information and belief, Defendant is the owner of the '075 Patent. A true and correct copy of the '075 Patent is attached hereto as **Exhibit A**.

15.    On or about March 31, 2025, Plaintiff received the message below via Amazon's internal messaging system. This message is from someone who identified themselves as "Kellen" claiming that the Accused Products infringe the '075 Patent:



16.     On information and belief, this message was sent by Defendant's owner Kellen Brantley.

17.     This message alleged that Plaintiff's products infringed upon the '075 Patent, which purports to cover certain stackable storage devices for headwear.

18.     This message from Defendant contained an explicit demand that Plaintiff cease the alleged infringement of the '075 Patent, threatening take-down action if Plaintiff did not stop selling the Accused Products, and threatening that failure to comply "will cost your company dearly."

19.     On or about March 21, 2025, Plaintiff's counsel contacted Defendant via e-mail regarding this message.

20.     On or About March 22, 2025, Kellen Brantley, Defendant's owner, responded via e-mail noting that "…now an Amazon complaint has already been filed as this item violates our patent claims fully."

21.     Amazon's online marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for Accused Products, Plaintiff needs its products listed on the Amazon marketplace.

22.     Thus, Defendant's submission of a patent infringement complaint to Amazon has caused and continues to cause (or, at a minimum, risks causing) immediate and irreparable harm

to Plaintiff.

23.     While Plaintiff's Amazon listing for the Accused Products is still active, on information and belief, such listing could be removed by Amazon at any time based on Defendant's patent infringement allegations to Amazon.

**B.      The Accused Products Do Not Infringe the '075 Patent**

24.     To date, Defendant has not identified which claims of the '075 Patent are allegedly infringed by Plaintiff (notwithstanding Defendant's efforts to delist Plaintiff's products from Amazon). For example, Defendant never provided Plaintiff with a written demand letter or a claim chart.

25.     Rather, Plaintiff's correspondence merely mentions "claims" (plural) without any specific identification.

26.     Indeed, Defendant's March 22, 2025 e-mail argues that the Accused Products "violate[] our patent claims fully" – suggesting, perhaps, that Defendant believes all claims of the '075 Patent are infringed.

27.     Given Defendant's lack of specificity, Plaintiff is uncertain which claims of the '075 Patent Defendant contends are infringed by the Accused Products.

28.     Notwithstanding this, Plaintiff contends that the Accused Products do not infringe any valid and enforceable claim of the '075 Patent. As an illustrative, non-exhaustive example, the Accused Products do not infringe independent Claim 1 of the '075 Patent.

29.     Claim 1 of the '075 Patent is directed to a stackable storage device with a "top surface" that is "shorter in length than the bottom surface" and with "an end of each of the side surfaces slopes down from the top surface to the bottom surface at an obtuse angle…." '075 Patent, Claim 1.

30.     This limitation is illustrated by the specification. The '075 Patent is directed to a stackable storage device which "cooperate[s] to assist access to the headwear in that a first device stacked on top of a second device can be used to hold the door of the second device open while the user accesses the headwear inside." '075 Patent, col. 2, ll. 18-22. This stacking / assisting feature is shown, for example, in the image at right taken from FIG. 3 of the '075 Patent.



31.     The '075 Patent further discloses that this stacking / assisting feature is accomplished by having a top surface that is shorter in length than a bottom surface as shown in the annotated image below taken from FIG. 1 of the '075 Patent:



32.     In stark contrast, Plaintiff's Accused Products do not have a top surface which is shorter in length than the bottom surface or side surfaces with an end that slopes down from the top surface to the bottom surface at an obtuse angle.

33.     Rather, Plaintiff's Accused Product is essentially a rectangular box with a top and

6

bottom of equal length as shown in the example images below:



**C. The '075 Patent Is Invalid**

34.     As noted above, Defendant has not identified which claims of the '075 Patent are allegedly infringed by Plaintiff.

35.     Notwithstanding this, Plaintiff contends that the Accused Products do not infringe any valid and enforceable claim of the '075 Patent.

36.     More specifically, Plaintiff contends that any claim of the '075 Patent asserted against the Accused Products is invalid under at least 35 U.S.C. §§ 102 and/or 103 in light of voluminous prior art.

37.     As a first illustrative, non-exhaustive example of relevant prior art, U.S. Patent No. 11,352,170 to Tahsin Dag (the "***Dag Patent***") discloses a "stackable packaging container" which includes a stackable container having a generally rectangular box shape, a door, a drawer and a horizontal flange as shown in the images below taken from FIGs. 1 and 3 of the Dag Patent:



A true and correct copy of the Dag Patent is attached hereto as **Exhibit B**.

38.    As a second illustrative, non-exhaustive example of relevant prior art, German Patent No. DE202007001796U1 issued to Rotho Kunststoff AG (the "*Rotho Patent*") likewise discloses a stackable container having a moveable door and a slidable drawer as shown below in FIGS. 3, 5 and 7 of the Rotho Patent:





Fig. 7

A true and correct copy of the Rotho Patent is attached hereto as **Exhibit C**.

39.     As a third illustrative, non-exhaustive example of relevant prior art, U.S. Patent No. 3,224,822 to Jack Kirby (the "***Kirby Patent***") also discloses a stackable container having a top surface shorter in length than the bottom surface and where an end of each of the side surfaces slopes down from the top surface to the bottom surface at an obtuse angle as shown below in FIG. 1 from the Kirby Patent:



FIG. I

A true and correct copy of the Kirby Patent is attached hereto as **Exhibit D**.

9

40.     Tellingly, neither the Dag Patent, Rotho Patent, nor the Kirby Patent were examined during prosecution of the '075 Patent.

41.     The claims of the '075 Patent are either anticipated or rendered obvious by voluminous prior art, including, without limitation, the Dag Patent, Rotho Patent, and/or Kirby Patent, used either alone or in combination with one another and/or with the knowledge of a person of ordinary skill in the art.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '075 PATENT**

42.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     As a result of Defendant's acts described herein, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed any valid claim of the '075 Patent.

44.     An actual, continuing, and justiciable controversy exists between Plaintiff and Defendants concerning the alleged infringement of the '075 Patent, as evidenced by Defendants' allegations of infringement on Amazon, as set forth above.

45.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its legal rights with respect to continued manufacture and sale of the Accused Products.

46.     Plaintiff is entitled to a declaratory judgment that its manufacture and sale of the Accused Products does not constitute patent infringement.

47.     Plaintiff is further entitled to, among other relief, preliminary and permanent injunctive relief enjoining Defendants from alleging, representing, or otherwise stating that Plaintiff's sale of the Accused Products infringes any valid and enforceable claim of the '075 Patent.

## COUNT II
## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '075 PATENT</u>

48.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

49.     As a result of Defendant's acts described herein, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed any valid claim of the '075 Patent.

50.     An actual, continuing, and justiciable controversy exists between Plaintiff and Defendants concerning the validity of the '075 Patent, as evidenced by Defendants' allegations of infringement on Amazon, as set forth above.

51.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its legal rights with respect to continued manufacture and sale of the Accused Products.

52.     Plaintiff is entitled to a declaratory judgment that the '075 Patent is invalid.

53.     All claims of the '075 Patent are invalid under 35 U.S.C. § 102 and/or 103 at least in light of the prior art discussed above (alone or in combination with the knowledge of a person of ordinary skill in the art).

54.     Plaintiff is further entitled to, among other relief, preliminary and permanent injunctive relief enjoining Defendants from alleging, representing, or otherwise stating that Plaintiff's sale of the Accused Products infringes any valid and enforceable claim of the '075 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1.      declare that Plaintiff's Accused Products do not infringe any valid and enforceable claim of the '075 Patent;

11

2.  declare that any claim asserted against the '075 Patent is invalid and/or unenforceable including under 35 U.S.C. §§ 102 and/or 103;

3.  enjoining Defendant from asserting the '075 Patent against Plaintiff's Accused Products or any other of Plaintiff's products that are similar in design, including, without limitation, any assertion to any third-party platforms such as Amazon, eBay, Walmart, or any other e-commerce platforms;

4.  granting a mandatory injunction requiring Defendants to retract any statements previously issued to Plaintiff's sales partners and/or customers (including, without limitation, Amazon) regarding alleged infringement of the '075 Patent by Plaintiff;

5.  entering a finding that this case is exceptional and awarding Plaintiff its reasonable attorneys' fees and costs of this action, pursuant to 35 U.S.C. § 285;

6.  awarding pre- and post- judgment interest; and

7.  awarding Plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

April 1, 2025

/s/ Luca L. Hickman
Luca L. Hickman, Esq. (FBN 118731)
Brandon T. Holmes, Esq. (FBN 1007975)

DINSMORE & SHOHL LLP
Tampa City Center
201 North Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone: (813) 543-9835
Email: luca.hickman@dinsmore.com

Dandan Pan
GLACIER LAW LLP
41 Madison Ave, Suite 2529,
New York, NY 10010
Dandan.pan@glacier.law

*Attorneys for Plaintiff*